IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
ST. LOUIS

BIS INVESTMENTS, LLC,

    Plaintiff,

v.

BANK OF AMERICA, N.A.,

    Defendant.

_____/

CIVIL # _____

## COMPLAINT WITH JURY DEMAND

Comes now the Plaintiff in the above-styled matter, BIS Investments, LLC, by and through undersigned counsel, and respectfully files this Complaint and requests jury trial on all causes of action raised herein.

### I. JURISDICTION

Jurisdiction in this matter is founded on 28 U.S.C. § 1332 <u>Diversity of Citizenship</u>, in that the Plaintiff and Defendant are "citizens of different states" pursuant to § 1332(a) (1). Plaintiff BIS Investments LLC, (hereinafter "BIS") is a Limited Liability Company, registered, and with its principal place of business, in the State of Missouri. Section 1332(c) (1) provides, in pertinent part, that "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business . . . ."

Defendant Bank of America, N.A., (hereinafter BOA) is a national banking association with its headquarters and principal office in Charlotte, North Carolina.

Similarly, based upon § 1332(c)(1), and the holding by the Supreme Court in Wachovia Bank, N.A. v. Schmidt, 546 U.S. 303 (2006), for diversity purposes a national bank is deemed a "citizen" of the State where its principal office is located. As stated, the Defendant's principal office is located in the State of North Carolina. Thus, complete diversity among parties is herein established and this Honorable Court has jurisdiction over this action.

## II. VENUE

Venue is proper in the Eastern District of Missouri, St. Louis, pursuant to 28 U.S.C. § 1391(a)(1), in that the Defendant "resides" in the Eastern District of Missouri, and subsection (a)(2), insomuch as "a substantial part of the events or omissions giving rise to the claim occurred" here. Further, pursuant to § 1391(c), "a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." This Court has personal jurisdiction over the Defendant Bank of America, N.A. in as much as a branch of that bank where the events giving rise to this action occurred "resides" in the Eastern District of Missouri.

## III. PARTIES

Plaintiff BIS INVESTMENTS, LLC is and was at all relevant times, a Limited Liability Company registered, and with its principal place of business, in the State of Missouri

Defendant BANK OF AMERICA, N.A., is and was at all relevant times, a national banking association incorporated, and with its principal place of business in the State of North Carolina, and doing business in St. Louis, MO.

## IV.   STATEMENT OF FACTUAL ALLEGATIONS

1.) Kassandra Hodge (hereinafter "Hodge") in her official capacity as a bank manager of BANK OF AMERICA allowed and approved Kimberly Haskins to remove approximately two hundred forty thousand dollars ($240,000.00) from Plaintiff's account with Defendant BOA. Haskins had no permission, license or authority to withdraw said funds and Hodge had no authority to approve said withdrawal.

2.) Elouise Goodum, as Vice-President of Corporate Investigations for Defendant BOA allowed and approved Haskins to remove and withdraw funds belonging solely to Plaintiff in the approximate amount of two hundred forty thousand ($240,000.00) dollars.  Further, Goodum was responsible for the unlawful conversion of Plaintiff's corporate funds in the amount of twenty-five thousand dollars ($25,000.00) by crediting Kimberly Haskins with that amount as a result of the Defendant's negligent acts relative to a payment to Stephenson Electric Company.

3.) Barbara Jones fraudulently opened a shadow account for Plaintiff BIS when in fact neither Haskins nor Jones was authorized to open, maintain or use such account.

4.) At all times herein, Plaintiff maintained at least one checking account with the Defendant BOA.

5.) At all times herein, Derrick Howard was and remains the sole shareholder, manager and agent of Plaintiff, BIS.

- 3 -

6.) At all times relevant herein, Derrick Howard was and remains the sole owner, funder and provider of operating capital for Plaintiff BIS.

7.) At all times relevant herein, Haskins was never a shareholder or member of Plaintiff BIS.

8.) At all time relevant herein, Haskins was a fiduciary to Plaintiff.

9.) At all times relevant herein, Defendant BOA was a fiduciary to Plaintiff.

10.) At all times relevant herein, Kassandra Hodge was a fiduciary to Plaintiff BIS, as a bank manager to Defendant BOA.

11.) At all times herein, Goodum was acting in her capacity as the Vice-President of Corporate Investigations for BOA, and was a fiduciary to BIS.

12.) At all times relevant herein, Haskins was not empowered to write checks on Plaintiff's BIS account numbers 003480613425 or 03382872646.

13.) At various times Haskins exceeded her authority and improperly withdrew various checks on Plaintiff's BIS account number 003477173774 at Defendant BOA.

14.) Plaintiff, BIS maintained four accounts with Defendant BOA registered under BIS Investments. Account number 003480613425 was closed on or about January 2005. Account number 003477173774 was closed on or about January 2004. Account number 003482872646 contained approximately two hundred forty thousand dollars ($240,000.00) of Plaintiff's real estate investment funds. Account number 00348280599879 was fraudulently opened by Haskins and Jones.

15.) On or about January 4, 2005, Haskins fraudulently removed two hundred thirty-nine thousand seventy-six dollars and eighty-six cents

($239,076.86) from Defendant BOA in St. Louis, Missouri in two separate transactions which were witnessed and illegally allowed by BOA banking manager Kassandra Hodge. At all relevant times herein Haskins was not authorized to withdraw any monies from these bank accounts.

16.) Subsequently, Haskins deposited the above two transactions totaling two hundred thirty-nine thousand seventy-six dollars and eighty-six cents ($239,076.86) into a Commerce Bank account registered under the name of "Derf," whose signatures on the account were listed as Kimberly Haskins and her brother Frederick Tate.

17.) Subsequently, Bryan Evans, President and Bank Manager of Defendant BOA became aware of the above fraudulent withdrawals and contacted Haskins to inform her that her actions were fraudulent, and demanded she return the fraudulently withdrawn funds to Defendant BOA. A conference call was then initiated to Commerce Bank where it was agreed that Plaintiff's funds would be deposited and placed on hold in the "Derf" account at Commerce Bank.

18.) Defendant BOA was then instructed to place said funds from Commerce Bank into the new Defendant BOA account 003482872646, and advised that all prior accounts registered under BIS Investments would be closed.

19.) Defendant BOA had actual knowledge and was aware of the above fraudulent transactions of Haskins. Nevertheless, upon return of these funds from Commerce Bank, Defendant BOA deposited these Plaintiff's funds into a fraudulent BIS bank account 0034800599879, to which Haskins had access. This was the same account Haskins had access to previously and the same account Bank of America assured the Plaintiff would be closed.

20.) Defendant BOA negligently or fraudulently failed to close account number 00380599879 which was negligently linked to Defendant BOA account 003482872646 to which Haskins had access, allowing the transfer of Plaintiff's funds in the amount of two hundred thirty-nine thousand dollars seventy-six dollars and eighty-six cents ($239,076.86) by Haskins from Plaintiff's new account number 003828726746 to fraudulent account number 00380699879, to which Haskins maintained access.

21.) Throughout the time period of the above acts of Bank of America, said Bank was informed repeatedly by the Plaintiff (i.e., Derrick Howard), that Kimberly Haskins was not authorized to transact banking business in the herein described accounts belonging to the Plaintiff.

## V. CAUSES OF ACTION

The Plaintiff alleges and charges as follows:

1.) Breach of Fiduciary Duty:

A fiduciary relationship existed between Plaintiff BIS Investments and Defendant Bank of America. By allowing the above-stated actions of Haskins, specifically, permitting the withdrawal of sums of money from BIS accounts to which Haskins was not authorized to withdraw as set forth above, Defendant Bank of America breached that fiduciary duty. As a result, such breach was the proximate cause of injury to the Plaintiff which included the loss of funds as alleged above.

2.) Negligence

As a result of the fiduciary relationship between Plaintiff and Defendant, Defendant had a legal obligation to protect the Plaintiff from injury. By allowing

the above-stated actions by Haskins, specifically, permitting the withdrawal of money from the BIS accounts to which Haskins was not authorized to withdraw from the Defendant Bank of America as set forth above, Bank of America acted negligently.  This negligent duty on the part of the Defendant was the proximate cause of the damages to Plaintiff, insofar as the above monetary damages were suffered by Plaintiff.

    3). <u>Breach of Constructive Trust</u>

Plaintiff BIS Investments maintained a valid written and constructive agreement with the Defendant Bank of America and each party was competent for purposes of entering into the agreement/contract.  The subject matter of the contract was the Defendant's duty and obligation to maintain and protect the funds deposited by the Plaintiff in Defendant Bank of America. Furthermore, legal consideration existed between Plaintiff and Defendant as defined in the terms of the contract between both parties, in which there existed a mutuality of obligation.

## V. CONCLUSION/REQUEST FOR DAMAGES

WHEREFORE, Plaintiff requests this Honorable Court find in favor of Plaintiff in each of the above counts, individually or collectively and award compensatory damages to Plaintiff in the sum of approximately two hundred and sixty-five thousand (265,000.00) dollars (which includes the approximately $25,000 for an improper credit paid to Haskins as a result of Defendant's negligent acts related to a payment to Stephenson Electric), and in addition to award court costs and attorney's fees.  If the Court also finds that the above acts were done intentionally, fraudulently, and with gross indifference to the rights of

the Plaintiff, the Plaintiff respectfully moves the Court to assess appropriate punitive damages.

                                          Respectfully submitted,

                                          David Jay Bernstein, Esq.
                                          Attorney for Plaintiff
                                          Florida Bar No.: 38385
                                          Law Office of David Jay Bernstein
                                          & Associates, P.A.
                                          4660 North University Drive
                                          Lauderhill, Florida 33351
                                          Tel: (954) 747-9777
                                          Fax: (954) 9199041