UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

BIS INVESTMENTS, LLC,                    )
                                         )
            Plaintiff,                   )
                                         )
    vs.                                  )        Case No. 4:12CV195 CDP
                                         )
BANK OF AMERICA, N.A.,                   )
                                         )
            Defendant.                   )

## MEMORANDUM AND ORDER

Plaintiff BIS Investments, LLC brought this action for breach of fiduciary

duty, negligence, and breach of constructive trust against Bank of America, N.A.

BIS Investments alleges that Bank of America allowed Kimberly Haskins to

wrongfully remove funds from a BIS account, wrongfully credited BIS funds to

Haskins, and improperly linked two of BIS's accounts, permitting Haskins to

wrongfully transfer and withdraw funds. Bank of America filed this motion to

dismiss. Because BIS's claims are barred by the relevant statues of limitations, I

will grant the motion.

## Background

BIS Investments is a limited liability company. According to its complaint,

Derrick Howard is the sole shareholder, manager, and agent of BIS. BIS

maintained four different accounts with Bank of America, ending in 3425, 3774, 2646, and 9879.  BIS alleges that the 2646 account contained approximately $240,000, which, BIS alleges, Kimberly Hoskins fraudulently removed on January 4, 2005 in two separate transactions witnessed by Bank of America manager Kassandra Hodge.  Haskins then deposited the money into a Commerce Bank account registered under the name "Derf."  BIS further alleges that at some later time, Bank of America Bank Manager Bryan Evans became aware of the transactions, contacted Haskins, and contacted Commerce Bank, where it was agreed that the funds would be deposited and placed on hold in the "Derf" account.  The funds were then to be deposited in the 2646 account BIS held with Bank of America.  Instead, BIS alleges, Bank of America deposited the funds in the 9879 account, to which Haskins had access.  BIS alleges that Howard repeatedly informed Bank of America that Haskins was not authorized to transact business on any of the BIS accounts.  On February 3, 2012, BIS filed the present suit, alleging breach of fiduciary duty, negligence, and breach of constructive trust against Bank of America.

This is the third suit filed by BIS or Howard regarding these events.  On March 19, 2009, BIS and Howard filed suit in Missouri state court, alleging breach of fiduciary duty against both Bank of America and Kimberly Haskins.

The claims against Bank of America were dismissed on May 24, 2010, and the entire case was dismissed on November 18, 2010. On December 3, 2010, BIS and Howard filed suit in the U.S. District Court for the Southern District of West Virginia against Bank of America and nine other defendants alleging thirteen different counts. That case was transferred to this court, and I dismissed it without prejudice on June 28, 2011. No. 4:10CV2365 CDP.

## Discussion

### *Plaintiff's Motion to File Surreply*

BIS moved for leave to file a surreply to the present motion to dismiss, stating that counsel had received new information from Howard that would bear on the statute of limitations defense. I denied the motion, and BIS has filed a motion for reconsideration. Instead of addressing why I should overturn the previous order, BIS merely describes the "new information." "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Arnold v. ADT Sec. Services, Inc.*, 627 F.3d 716, 721 (8th Cir. 2010) (quoting *hagerman v. yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988)). BIS does not argue that there has been an error of law, and no information presented by BIS could be considered new evidence for purposes of this motion. *See Anthony v. Runyon*, 76 F.3d 210, 215 (8th Cir. 1996)

- 3 -

(holding that evidence must have been previously unavailable to be considered "newly discovered"). I will therefore deny BIS's motion for reconsideration.

## Motion to Dismiss

A defendant may move to dismiss a claim "for failure to state a claim upon which relief can be granted" under Fed. R. Civ. P. 12(b)(6). The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint. When considering a 12(b)(6) motion, the factual allegations of a complaint are assumed true and are construed in favor of the plaintiff. *Neitzke v. Williams*, 490 U.S. 319, 326 (1989). To avoid dismissal for failure to state a claim, the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although "specific facts are not necessary," the plaintiff must allege facts sufficient to "give fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions. *Twombly*, 550 U.S. at 545.

It is undisputed that the transactions at issue took place in January of 2005, and that is therefore the starting point for a statute of limitations inquiry. This

action was commenced on February 3, 2012, over seven years later.  The parties

dispute whether the U.C.C., and its three-year statute of limitations, applies to this

case.  This dispute is immaterial, because this case would be untimely even under

the longer Missouri statute of limitations.  Missouri has a five year statute of

limitations for breach of fiduciary duty claims, *Dempsey v. Johnston*, 299 S.W.3d

704, 706 n. 3 (Mo. Ct. App. 2009); Mo. Rev. Stat. 516.120(4), as well as for

negligence.  *Warren Cnty. Concrete, L.L.C. v. Peoples Bank & Trust Co.*, 340

S.W.3d 289, 291 (Mo. Ct. App. 2011); Mo. Rev. Stat. 516.120.  Even if BIS's

claim for breach of constructive trust is construed as a breach of contract claim, as

BIS now requests, it would also be subject to the five year statute of limitations.

*See id.*

It is undisputed that more than five years passed before BIS filed this action.

BIS argues that this action is still timely because of Missouri Statute § 516.230,

which provides that "If any action shall have been commenced within the times

respectively prescribed . . . and the plaintiff therein suffer a nonsuit . . . such

plaintiff may commence a new action from time to time, within one year after such

nonsuit suffered."  Mo. Rev. Stat. 516.230.  BIS argues that its 2009 suit was

within the five year limit, the West Virginia suit was filed within one year of that

case being dismissed, and the present case was filed within one year of the West Virginia case's dismissal.

Although the prior cases were not mentioned in the complaint nor attached to it, public records such as court records may be relied on in deciding a Rule 12(b)(6) motion. *Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 269 n.1 (1986)). Nonetheless, "a plaintiff may receive the benefit of the savings statute only once." *Heintz v. Swimmer*, 922 S.W.2d 772, 776 (Mo. Ct. App. 1996). *See also Foster v. Pettijohn*, 213 S.W.2d 487, 490 (Mo. 1948) (holding that a plaintiff "may not suffer an indefinite number of nonsuits" and "that new actions are not authorized after the lapse of the limitation period and a year after the original nonsuit"). Even if this action is construed to be against the same defendants and for the same claims as the prior suits – another requirement of the savings statute – BIS already used its one chance at invoking the savings statute when it filed the West Virginia case in December of 2010.

I therefore find that the Missouri Statute of Limitations, which is the longest possible period that could apply to this case, has run, and plaintiff's claims are untimely.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for reconsideration [#18] is denied.

**IT IS FURTHER ORDERED** that defendant's motion to dismiss [#7] is granted. A separate order of dismissal is entered this same date.


_Catherine D. Perry_
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 12th day of June, 2012.